**Johnson Oil Refining Company, Appellant, v. Galesburg Railway, Lighting & Power Company, Appellee.**

**Gen. No. 6,181.   (Not to be reported in full.)**

Appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

### Statement of the Case.

Action by the Johnson Oil Refining Company, a corporation, plaintiff, against the Galesburg Railway, Lighting & Power Company, a corporation, defendant, to recover damages resulting from a collision of the plaintiff's auto-truck with the defendant's street

car. From a judgment for defendant, plaintiff appeals.

M. J. Daugherty and Marsh & Martin, for appellant.

Hardy & Hardy, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1410*—*when verdict not disturbed as against weight of evidence.* The verdict of the jury on the question of negligence of the defendant and contributory negligence of the plaintiff will not be disturbed on appeal unless clearly and manifestly against the weight of the evidence.

2. Street railroads, § 131*—*when evidence sufficient to show that defendant not negligent in injuring auto-truck.* In an action for damages to an auto-truck, resulting from a collision with an overtaking street car at a street intersection, evidence *held* not to justify interference with a finding of the jury in favor of the defendant on the question of its negligence.

3. Street railroads, § 131*—*when evidence sufficient to show contributory negligence of driver of auto-truck.* In an action for damages to an auto-truck, resulting from a collision with an overtaking street car, evidence *held* sufficient to show contributory negligence of plaintiff.

4. Street railroads, § 117*—*when city traffic ordinances admissible in action for damages for negligent collision.* In an action for damages to an automobile, resulting from a collision with an overtaking street car at a sheet intersection, city traffic ordinances applicable to the facts in issue *held* properly admitted in evidence.

5. Municipal corporations, § 88*—*what power to regulate traffic by ordinance.* Under J. & A. ¶ 1334 (9), a city may pass reasonable ordinances regulating traffic in its streets.

6. Municipal corporations, § 85*—*when ordinance requiring signals by drivers of vehicles valid.* A city ordinance requiring of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

drivers of vehicles that "in turning while in motion or in starting to turn from a standstill, a signal shall be given by indicating with the whip or hand, the direction in which the turn is to be made," *held* reasonable and valid.

7. MUNICIPAL CORPORATIONS, § 85*—*when ordinance regulating traffic valid.* A city ordinance providing that "traffic on the east and west streets shall have the right of way over traffic on the north and south streets," *held* reasonable and valid.

8. STREET RAILROADS, § 144*—*when instruction on contributory negligence of driver of auto-truck correct.* In an action for damages to an auto-truck, resulting from a collision with an overtaking street car at a street intersection, an instruction that if the truck driver was guilty of contributory negligence the plaintiff could not recover, *held* to properly submit such question to the jury.

9. STREET RAILROADS, § 144*—*when instructions on contributory negligence of driver of auto-truck correct.* In an action for damages to an auto-truck, resulting from collision with a street car, an instruction that the burden was on the plaintiff to establish by a preponderance of the evidence that he was in the exercise of due care and that the defendant was guilty of negligence, *held*, when read in connection with other instructions, to sufficiently fix the time when the plaintiff should have been exercising due care for his own safety and not to eliminate the proposition of equal rights of parties at the crossing.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.